## Hughes *versus* The Commonwealth.

### *Liability of surety of county treasurer for state taxes.*

A surety on the state bond of a county treasurer is liable for taxes on real and personal property received by him for the use of the Commonwealth and not paid over: and though the county is the debtor of the state for interest accrued and accruing on, and possibly for the principal of such taxes, the surety cannot require the state to look to the county, and it to the sureties on the county bond.

ERROR to the Common Pleas of *Dauphin county*.

This was an action of debt by the Commonwealth of Pennsylvania against Francis W. Hughes, a joint and several obligor with Michael Weaver and Moses Weiser, as sureties on the official bond of Benjamin Christ, late treasurer of Schuylkill county.

To a declaration in the usual form, with a copy of the bond, the defendant filed an affidavit of defence, in which he averred: "That the balance of account or settlement made up by the

[Hughes *v*. The Commonwealth.]

auditor-general and state treasurer against Benjamin Christ, late treasurer of Schuylkill county, embraced the sum of $998.99 of tax on real and personal property, assessed for state purposes, according to the provisions of the Revenue Act of 1844, and its several supplements, in the county of Schuylkill."

December 8th 1859, on motion of the attorney-general, the court entered judgment against the defendant for want of a sufficient affidavit of defence for $1788.32. December 19th 1859, on motion of the defendant, a rule was granted to show cause why the judgment should not be taken off, which was discharged September 3d 1862, and this was the error assigned here by the defendant.

*F. C. Hughes,* for plaintiff in error.

*William M. Meredith,* Attorney-General, for the Commonwealth.

The opinion of the court was delivered, June 22d 1864, by

WOODWARD, C. J.—The Act of 15th April 1834, relating to county treasurers, Purd. p. 211, requires of these officers two bonds with sureties, one of which is a bond to the county, conditioned for a faithful discharge by the treasurer of the duties of his office, " and for a just account of all moneys that may come into his hands on behalf of the county," the other a bond to the state, conditioned " for the faithful discharge of all duties enjoined upon him by law in behalf of the Commonwealth, and for the payment according to law of all moneys received by him for the use of the Commonwealth."

Benjamin Christ, as treasurer of Schuylkill county, gave the two bonds, but with different sureties. Hughes was one of his sureties in the state bond, but was not in the county bond. Christ became a defaulter to the state in more than a thousand dollars, but $998.99 of his indebtedness was for " state tax on real and personal estate," and Hughes, now sued for his whole default to the state, takes defence against this particular item for state tax, on the ground that under the 40th section of the Revenue Act of 1844, Purd. 954, it had become a debt against the county, for which the state should look to the county, and the county to the sureties in the county bond.

We cannot accept this view. It is quite certain that under the legislation referred to, the county *is* the debtor of the state for the *interest* accrued and accruing upon the taxes in question, and possibly for the principal too, as intimated in the case of The County of Schuylkill *v*. The Commonwealth, 12 Casey 535, but this in nowise works a release of the sureties on the state bond. The Commonwealth, like other creditors, ought to be at liberty to accumulate securities for moneys due her, and ought

not to be held to have but one because she had got another. Hughes's liability, by virtue of his bond, is clear. The money he is called on to answer for, was received by his principal "for the use of the Commonwealth," and therefore he must respond. If the county is also liable to the state for the same money, it may be a reason for Hughes calling upon the county for contribution, or indemnity, but it is no answer to the state's action on the bond she holds. A creditor who has several debtors for the same money may collect it from either, and leave them to adjust equities betwixt themselves.

The judgment is affirmed.